UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BROCK CAPITAL GROUP, LLC and BROCK SECURITIES LLC, <br><br> Plaintiffs/Counterclaim-Defendants, <br><br> -against- <br><br> 9626751 CANADA INC. O/A SHOP BONSAI, <br><br> Defendant/Counterclaim-Plaintiff. | Case No. 1:21-cv-02070 (NRB) |

CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

1. PURPOSE AND LIMITATIONS

As set forth in the Parties' Joint Report of Rule 26(f) Conference and Proposed Case Management Plan (D.E. 20), disclosure and discovery in this action are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted. Accordingly, to expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality and use of discovery materials, to adequately protect the information that the Parties (as defined below as to both "Parties" and "Party") are entitled to keep confidential and not generally available to the public, and to ensure that the Parties are permitted reasonably necessary uses of all such materials in preparation for and in the conduct of these proceedings, the Parties hereby stipulate to and petition the Court pursuant to Federal Rule of Civil Procedure 26(c) to enter the following Confidentiality Agreement and Stipulated Protective Order (the "Stipulated Protective Order"). The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all

1

disclosure or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. The Parties further acknowledge, as set forth in Section 13.5, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rules for the Southern and Eastern Districts of New York, the Individual Practices of the Honorable Naomi Buchwald, and applicable Standing Orders (collectively the "Local Rules, Practices and Standing Orders") set forth the procedure that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Counsel (without qualifier): Outside Counsel of Record and Other Counsel (as well as their support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosure or in responses to discovery as "CONFIDENTIAL" or redacts information or items produced in a disclosure.

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     "HIGHLY CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) that the Producing Party deems, in good faith, to be especially sensitive, which may include, but is not limited to, trade secrets, confidential research and development, financial, technical, marketing, pricing, or other sensitive trade secret information, information that is of technical or commercial advantage to its possessor, an individual's family, financial, medical, personnel records, or other highly-sensitive identifying information, or information capable of being utilized for improper purposes by the Receiving Party.

2.8     Other Counsel: Outside counsel of a Party that is not counsel of record; and one attorney employed by each Party (*i.e.*, in-house counsel) that is identified to the other Party by name prior to such attorney receipt of Protected Material.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party in this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of the Party.

2.11 Party: any named party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13 Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure of a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; and (b) any

Case 1:21-cv-02070-NRB Document 31 Filed 12/13/21 Page 4 of 20

information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

After final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims, counterclaims, and defenses in this action, with or without prejudice; and/or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or slow the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2  Manner and Timing of Designations.  Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Stipulated Protective Order requires:

(a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the information or documents in a reasonably conspicuous manner.

(b) A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied or produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed potentially "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to the information or documents in a reasonably conspicuous manner.

(c) For testimony given in deposition or in other pretrial or trial proceedings, the deposition or portions of the deposition must be designated as containing Protected

Material subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Protected Material after transcription of the proceedings; a Party will have until thirty (30) days after receipt of the deposition transcript to inform the other Party or Parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The Designating Party will have the right to exclude from attendance at the deposition, during such time as the Protected Material is to be disclosed, any person other than the deponent, Counsel of Record (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8, below (however, a failure to so exclude a person from attendance does not waive the party's rights under this Section to later designate such information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." For information produced in some form other than documentary and for any other tangible item, that the Producing Party must conspicuously mark such information with the label "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a reasonable manner under the circumstances, *e.g.*, affixing in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>.   If timely corrected, an inadvertent or unintentional failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such

7

material. Such inadvertent or unintentional disclosure is deemed rectified by written notice within a reasonable time after disclosure to counsel for all Parties to whom the material was disclosed. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order and, at the Designating Party's request, identify any disclosure of the material before the Designating Party corrected the designation. Replacement copies of materials inadvertently or unintentional not designated should be provided to the Receiving Party with appropriate legends within a reasonable time after such notice.

6. REDACTIONS

    6.1    Financial and Personal Information. A Producing Party must redact unique identifiers pertaining to financial records, including bank account numbers, credit card numbers, usernames and passwords ("Financial Information") and other unique personal identifiers, such as social security numbers ("Personal Identifiers"). Documents containing Financial Information or Personal Identifiers shall be redacted but shall not be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in full solely on the grounds that they contain Financial Information or Personal Identifiers.

    6.2    Privileged Information. A Producing Party may redact any portion of Disclosure or Discovery Material that is subject to a claim of privilege or work product ("Privileged Material") and produce the document with the redactions. Documents containing Privilege Material may not be designated as privileged in full and withheld from production solely on the grounds that they contain Privileged Material.

7. CHALLENGING CONFIDENTIALITY DESIGNATIONS AND REDACTIONS

8

7.1     Timing of Challenges.  Any Party may challenge a designation of confidentiality or the redaction of material at any time. Unless a prompt challenge to a Designating Party's confidentiality designation or redaction is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation or redaction by electing not to mount a challenge promptly after the original designation or redaction is disclosed.

7.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation or redaction it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality or redaction is being made in accordance with this specific paragraph of the Stipulated Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring telephonically within 14 days of the date of service of the notice.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, counsel for all affected Parties and Non-Parties shall address the dispute to the Court in a manner consistent with the Individual Practices of the Honorable Naomi Buchwald and any other applicable Local Rules, Practices and Standing Orders. For the avoidance of doubt, a Challenging Party must comply with Section 13.5 if any Protected Material is attached to, or referenced in, the Challenging Party's motion.

7.4     Burden.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.     ACCESS TO AND USE OF PROTECTED MATERIAL

8.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  It is, however, understood that counsel for a Party may give advice and opinions to their client based on their evaluation of Protected Material provided that such advice and opinions shall not reveal the content of such Protected Material that their clients are not authorized to receive under this Stipulated Protective Order, except by prior written agreement of counsel for the Receiving and Designating Parties, or by Order of the Court. When the litigation has been terminated, a Receiving Party must comply with the provision of Section 14 below. Protected Materials must be stored and maintained by a Receiving Party at a location and/or in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the Receiving Party and Other Counsel to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound" that is attached here as Exhibit A (the "Acknowledgement");

(c) Experts of the Receiving Party and their employees to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgement;

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgement;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Acknowledgement, unless otherwise agreed by the Designating Party or ordered by the Court; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.3 <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any information or item designated "HIGHLY CONFIDENTIAL" may only be disclosed to those listed in Paragraph 8.2, except for those listed in 8.2 (b) and (f).

11

9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

9.1 If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material that Party must:

(a) promptly notify, in writing, the Designating Party and such notification shall include a copy of the subpoena or court order;

(b) promptly notify, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

9.2 If the Designating Party timely seeks permission to file a motion for a protective order in a manner consistent with the Individual Practices of the Honorable Naomi Buchwald and any other applicable Local Rules, Practices and Standing Orders., the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential information - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

10.1 The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this action designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2 In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

10.3 If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks permission to file a motion for a protective order in a manner consistent with the Individual Practices of the Honorable Naomi Buchwald and any other applicable Local Rules, Practices and Standing Orders., the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a

13

determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstances not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and (d) request such person or persons to execute the Acknowledgement.

12. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

12.1    Privilege and Waiver.  The Parties are obligated to review and screen their respective productions for documents protected by privilege or the work product doctrine. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the production or disclosure during discovery of a document or information protected by the attorney-client privilege, work product doctrine, or other privilege shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the producing party in this or any subsequent state or federal proceeding unless no review and screening for privilege was made.

12.2    Obligations of Receiving Party. When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligation of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). For the avoidance of doubt, if any Producing Party produces material protected under the attorney-client privilege, work product immunity, or other privilege,

14

doctrine, right or immunity ("Protected Production"), any holder of that privilege, right, or immunity may obtain the return of those materials by notifying the Receiving Parties promptly after the discovery of the production and providing a privilege log for the produced materials. The Receiving Parties shall: (a) refrain from any further examination or disclosure of the Protected Production; (b) if requested, promptly make a good-faith effort to return the Protected Production and all copies thereof (including summaries and excerpts) to Counsel for the Producing Party, or destroy all such material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; (c) not use the Protected Production for any purpose absent further order of the Court. Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business, provided such back-ups are not used to access or copy the Protected Production.

12.3 <u>Right to Move to Compel</u>. Nothing herein shall preclude a Party from, in a manner consistent with the Individual Practices of the Honorable Naomi Buchwald and any other applicable Local Rules, Practices and Standing Orders, moving for an order compelling production of the Protected Production or requesting that the Court review such Protected Production *in camera* to determine whether such material is subject to any applicable privilege or immunity.

12.4 <u>No Modification of Agreements</u>. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

13. <u>MISCELLANEOUS</u>

15

13.1     Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2     Right to Assert Other Objections.  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to objection any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.3     No Waiver. Nothing in this Stipulated Protective Order shall require production of information a Party or Non-Party contends is protected from disclosure by the attorney-client privilege, the work product immunity, or other privilege, doctrine, right, or immunity.  Execution of this Stipulated Protective Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Disclosure or Discovery, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

13.4     Party's Own Protected Information.  Nothing in this Stipulated Protective Order shall restrict any Party or Non-Party, or its Counsel, from disclosing or using, in any manner and for any purpose, its own Protected Material.

13.5     Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with the Local Rules, Practices and Standing Orders, including without limitation, the Court's standing order 19-mc-00584 and ECF Rules & Instructions, section 6.

13.6    Effectiveness. This Stipulated Protective Order shall become effective as between the Parties immediately upon submission to the Court for approval, notwithstanding the pendency of approval by the Court.  If approval by the Court is ultimately denied, withheld, or made conditional, no Party shall treat any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" produced prior to that time in a manner inconsistent with this Stipulated Protective Order without giving the Producing Party sufficient advanced notice to allow for application to the Court for additional relief in a manner consistent with the Individual Practices of the Honorable Naomi Buchwald and any other applicable Local Rules, Practices and Standing Orders..

13.7    Parties Bound.  This Stipulated Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representative, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

14. FINAL DISPOSITION

Within 90 days after the final disposition of this action, as defined by Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or

capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective order as set forth in Section 4.

18

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: ____December 6, 2021_____

_____/s/ Francis Carling_____
FRANCIS CARLING
174 East 74th Street, Suite 12BC
New York, NY 10021
(917) 951-1237
fcarling@gmail.com

*Attorney for Plaintiffs/Counterclaim Defendants*

DATED: December 2, 2021

___/s/ Jason M. Sobel_____
Jason M. Sobel
BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036
(212) 209-4878
jsobel@brownrudnick.com

and

___/s/ Lewis F. Murphy_____
Lewis F. Murphy *(admitted pro hac vice)*
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
and
200 South Biscayne Boulevard, Suite 3100
Miami, FL 33131
(305) 789-9352
lmurphy@stroock.com

*Attorneys for Defendant/Counterclaim Plaintiff*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _12/13/20_21

New York, New York

_____
Honorable Naomi Reice Buchwald
United States District Judge

19

**EXHIBIT A**
ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [PRINT OR TYPE FULL NAME], of _____ [PRINT OR TYPE FULL ADDRESS], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on [DATE] in the case of *Brock Capital Group, LLC v. 9626751 Canada Inc. o/a Shop Bonsai*, Case No. 1:21-cv-02070 (NRB). I agree to comply with and be bound by the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity expect in strict compliance with the provisions of this Stipulated Protective Order. I further agree to submit to the jurisdiction of the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceeding occur after termination of this action.

I hereby appoint _____ [PRINT OR TYPE FULLNAME] of _____[PRINT OR TYPE FULL ADDRESS AND TELEPHONE NUMBER] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____
City and State where sworn and signed: _____
Print name: _____
Signature: _____